Rupein, Judge.
 

 Repeated decisions of this court have established that such bonds, as that sued on here, not being taken in conformity to the act of 1777
 
 (Rev,
 
 c. 118) cannot he proceeded on in the manner prescribed by that statute. The
 
 State
 
 Bank v.
 
 Twitty,
 
 (2
 
 Hawks
 
 1) is a leading case; and that has been followed by others. Those decisions relate emphatically to the remedies on such bonds. It shall not be summary : it shall not he by the successor: nor by an assignee. By consequence,
 
 successive actions
 
 (given by the act of 1777, on bonds taken according to it) cannot be sustained. Vero it
 
 res integra,
 
 the court would at this day be much die-posed, and probably would hold, that since the bond imposes no duty on the officer which the law itself did not, and was voluntary entered into, it might be enforced by the remedies of the statute, tho made for a larger sum than required by law. But the question is eonsidci'ed as closed
 
 ;
 
 and this the more especially, because it does not affect rights, but only the method of proceeding.
 

 The remedy being . at common law, or rather under the general law, and not under the particular statute of 1777, it is perfectly certain that the present action is barred, if judgment has been rendered on the bond in
 
 k
 
 
 *88
 
 former suit. For
 
 Mr. Branch
 
 alone can be taken notice of, as the plaintiff, without reference to those for whose use he sues.
 

 ill debt on a bond, the ,verdict need not state its amount
 

 The rule adopt, ed in this court respecting offi-ciaibonds,which do not conform to the act requiring them disapproved, but followed byBto-
 
 rxs,
 
 Judge.
 

 But although a judgment upon such bonds is a bar to a second suit, if the bond is within the stat. 8 & 9
 
 Wm.lll,
 
 the relator way
 
 *89
 
 llave a
 
 sci. fa.
 
 suggesting other breadles — or if not within that statute, execution may issue at his risk, leaving the defendant to seek relief in equity.
 

 
 *88
 
 It seems, this bond has, in point of fact, been sued on twice before : once in the County Court; anti a, transcript of the record of that suit forms-a partof this case ; and again, in the Superior Court.
 

 Various objections are taken to the' record from the County Court to show that there was no judgment;in that proceeding. It is unnecessary to- consider them, because the case states, that “ a
 
 judgment was rendered
 
 in the Superior Court on the sanie bond, at the suit of
 
 John Branch,
 
 to the use, &c. against these defend .mts.”
 

 - The eScctofthatjudginentthere wasan sttemptto repel, upon the ground that the penalty of the bond was not expressly found by the jury ; .and so, there was no judgment
 
 therefor.
 
 The objection is untenable. If
 
 non est factum
 
 be not pleaded, the execution of the bond,
 
 as described irt the declaration?
 
 is admitted ; and so the amount appears on. the record. If it be pleaded, the verdict, that
 
 the bond declared on
 
 is the deed of the defendant, finds the amount. The penalty need not be otherwise found; for it enters into, and can enter into no other issue.
 

 The bar to the present action then is
 
 complete;
 
 and the judgment below must be affirmed..
 

 Inconvcniencies may arise out of the doctrine hcreto-tofore established, which may require the interposition such as the refusal of the obligee to put, or suffer the bond to be put in suit; or a colin-of the legislature sive verdict for the obligors. Those inconveniences this court cannot correct. It is for the wisdom and power of the General Assembly to do it, by extending the statute remedies to such bonds, if thought right. Happily for the purposes of justice, the bar to this action is not destructive of the relator’s rights, and docs not
 
 extend
 
 beyond the costs of this suit. For while the cases, before alluded to, determine that the remedies cannot he under the statute, they have also determined the bond itself,to he good at common law. It is available, jnot only for
 
 *89
 
 damages sustained by the obligee himself, by a breach of duty within the condition, hut also for similar damages sustained by any other person : in fine, the obli-gee is a trustee for persons injured. There can, then, be no difficulty touching the remedy in this case. If the bond be without the statute 8 and 9
 
 Wm.
 
 III, c. 11, execution may he taken out at the risk of the party
 
 oh
 
 the old judgment, ami the defendants forced to seek relief, as before that statute, in equity. If the statute extends to such bonds, then a scire facias, suggesting other breaches, may be sued out, and prosecuted, as in other cases. For this general doctrine, 1 refer to the cases of the
 
 Governor v. Matlock (2 Hawks
 
 3 6)
 
 Governor
 
 v.
 
 Witherspoon (3
 
 Hawks
 
 4
 
 2) _ and particularly to the
 
 Governor
 
 v.
 
 Evans (ante
 
 2
 
 vol.
 
 383),
 

 Per Curiam. — .Tvogmekt atosmsb.